Torres v Sedgwick Ave. Dignity Devs. LLC (2025 NY Slip Op 50586(U))

[*1]

Torres v Sedgwick Ave. Dignity Devs. LLC

2025 NY Slip Op 50586(U)

Decided on April 23, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 23, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570025/25

Jason Torres, Petitioner-Tenant-Appellant,
against
Sedgwick Avenue Dignity Developers LLC, John Warren & MHR Management Inc., Respondents-Landlords-Respondents 
 and New York City Department of Housing Preservation and Development. Respondent.

Petitioner-tenant appeals from an order of the Civil Court of the City of New York, Bronx County (Shorab Ibrahim, J.), entered on or about November 30, 2022, after a nonjury trial, which dismissed his harassment cause of action in a Housing Part (HP) proceeding.

Per Curiam.
Order (Shorab Ibrahim, J.), entered on or about November 30, 2022, affirmed, with $10 costs.
Upon the trial of this HP proceeding seeking a finding of harassment (see Administrative Code of City of NY § 27-2005 [d]), the court, after finding that petitioner-tenant established a prima facie claim based on the failure to correct certain violations (see Administrative Code § 27-2004 [a] [48] [b-2]; Leung v Zi Chang Realty Corp., 74 Misc 3d 126[A], 2022 NY Slip Op 50034[U], [App Term, 1st Dept 2022]), found that respondents-landlords sufficiently rebutted the "presumption that such acts or omissions were intended to cause [tenant] to vacate such dwelling unit or to surrender or waive any rights in relation to such occupancy. . ." (Administrative Code § 27-2004 [a] [48]).
"On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (Claridge Gardens, Inc. v Menotti, 160 AD2d 544, 544-545 [1990]). Here, the evidence supports the trial court's findings.
Civil Court, which had the ability to see and hear the witnesses and assess credibility (see Pastreich v Pastreich, 176 AD3d 449, 450-551 [2019]), found that petitioner-tenant "credibly [*2]testified" that respondents-landlords made "numerous efforts to address the violations" in his apartment, that landlords were responsive to his complaints, they consistently sent workers who appeared on or about the arranged access dates and that the repairs were made, although tenant disputed the quality of landlords' efforts. To the extent that tenant claimed that he was targeted because he enforced his rights in court, the court found no evidence to support this contention.
The court also found that landlords' building manager "credibly testified" and adduced documentary evidence showing that landlords had "no reason" to have tenant vacate his apartment and that landlords would receive no financial benefit in emptying tenant's unit because landlords' regulatory agreement with the City bars them from exempting any unit from rent stabilization and contains numerous restrictions on rent increases. The witness further testified that any finding of harassment would have a "negative financial impact" to its tax credit and other "substantial business dealings with the Department of Housing Preservation and Development (HPD)."
Since it cannot be said that Civil Court's evaluation of the evidence before it was unfair (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], there is no basis to depart from its findings. We have considered petitioner-tenant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 23, 2025